UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PETER JARED COOPER,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social
Security,

        Defendant.

**DECISION AND ORDER**
17-CV-6782-JWF

FILED MAR 15 2019

## Preliminary Statement

Plaintiff Peter Cooper ("plaintiff" or "Cooper") brought this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). See Compl. (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Docket ## 7, 13. For the reasons that follow, plaintiff's motion (Docket # 7) is **granted**, the Commissioner's motion (Docket # 13) is **denied**, and the case is remanded for further proceedings consistent with this opinion.

## Procedural History

Plaintiff filed his applications for DIB on March 17, 2014, and for SSI on March 21, 2014, alleging disability beginning on January 26, 2014. Administrative Record ("AR") at 238-47.

1

Plaintiff's applications were denied on May 27, 2014, and plaintiff requested a hearing. AR at 92-115, 126. The first of two video hearings was held on December 4, 2015. AR at 78-91. A second video hearing was needed because the first hearing was only partially recorded. AR at 80. A second, fully recorded video hearing was held on June 22, 2016 before Administrative Law Judge Rosanne M. Dummer ("the ALJ"). AR at 45-77. Plaintiff and a vocational expert testified at the second hearing. Id.

## Relevant Facts

Familiarity with the lengthy medical record and the ALJ's decision is assumed for purposes of this Decision and Order. Suffice it to say that at step two of the five-step disability analysis the ALJ found that plaintiff had the following severe impairments: seizure disorder, generalized anxiety disorder, and attention deficit hyperactivity disorder. Although the medical record and plaintiff's testimony were replete with complaints of, and treatment for, migraine headaches, the ALJ did not find this impairment to be severe. The ALJ opined: "Regarding claimant's headaches, in 2014, a MRI of the head was negative (Ex. 5F/14). In July 2015, the claimant treated with a pain specialist; he received two left occipital injections. The overall record does not indicate that headaches require more than a slight work related limitation." AR at 23. Plaintiff argues that the ALJ's determination at step two that plaintiff's migraines were not a

2

severe impairment was not consistent with substantial evidence in the record. The Court agrees.

## Discussion

Although plaintiff bears the burden of proof at step two, it is not a heavy burden. The Second Circuit has long held that "the standard for a finding of severity under step two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases." McIntyre v. Colvin, 758 F.3d 146, 151 (2d Cir. 2014) (citing Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir. 1995)). Where a claimant produces some evidence of an impairment, the Commissioner may make a determination of non-disability at step two only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." See SSR 85-28, 1985 WL 56856, at *3 (1985).

Plaintiff met his *de minimis* burden at step two here. "The purpose of the second step of the sequential analysis is to enable the Commissioner to screen out totally groundless claims." Griffeth v. Comm'r of Soc. Sec., 217 F. App'x 425, 428 (6th Cir. 2007) (internal quotation marks omitted). The evidence of plaintiff's migraine headaches was sufficient to satisfy step two's "groundless" threshold. At his hearing plaintiff testified that his migraine headaches were severe enough that he had seen a pain specialist and received injections for the headaches, a

treatment that helped relive the pain from headaches for "about a month, and then they'd come back." AR at 54. Plaintiff described his headaches as "really hard and I can't concentrate or they hurt where I have to lay down." AR at 55. The ALJ then asked plaintiff: "And you said sometimes you have to lie down because of your headaches?" AR at 63. Plaintiff responded:

> Yeah, that happens a lot. It happened actually this morning. Every day I have a headache. My normal headache is like a migraine for someone, but I got -- I've been having them for so long I can deal with it, but there's days where I have like really bad, either like pulsating or just pressure in my temples and in my left, you know, lobe right up here. And that happens, you know, a few days a week but still there's nothing really much I can do about it, you know, other than taking ibuprofen or Tylenol because I can't take a lot of medication due to the epilepsy.

AR at 63-64. The ALJ then asked plaintiff how many days he has to lay down because of the headaches and plaintiff responded "four or five" days of the week "at least" and then it takes up to an hour for any medication to "kick in" before he can "at least have a conversation with someone." AR at 64.

The medical record corroborates plaintiff's hearing testimony. There were numerous references in the medical record to plaintiff complaining of and being treated for severe, chronic and, often disabling headaches. See, e.g., AR at 360, 379, 479, 491, 503, 508, 515, 522, 530, 539, 546, 580, 651, 690, 705. Plaintiff was referred to a pain clinic where he received occipital nerve block injections into the base of his skull. AR at 481.

4

Plaintiff was limited to non-prescription medications for these headaches, not because they were less severe than other headaches, but because his neurologist advised against him taking stronger medications due to his seizure disorder. Clearly then, plaintiff's chronic and severe headaches were more than "slight abnormalities which would have no more than a minimal effect on an individual's ability to work." See, e.g., Magana v. Berryhill, No. 5:16-cv-01387-GJS, 2017 WL 4402279, at *2 (C.D. Cal. Sept. 29, 2017)(where "treatment records sufficiently document Plaintiff's migraines and include notes from various doctors prescribing medication for Plaintiff's migraine headaches", plaintiff "offered sufficient evidence to overcome the *de minimis* burden at step two."); Phillips v. Berryhill, No. 2:16-CV-01612-RSL-DWC, 2017 WL 2664587, at *3 (W.D. Wash. May 22, 2017), report and recommendation adopted, No. 2:16-CV-01612-RSL-DWC, 2017 WL 2670760 (W.D. Wash. June 20, 2017)(where plaintiff's migraines could interfere with her ability to engage in sustained work activity, it was erroneous for ALJ to find them non-severe at step two); McKay v. Barnhart, No. 02-126-B, 2003 WL 1092746, at *3 (D. Me. Apr. 4, 2003)(plaintiff's headaches should have been found to be severe at step two).

The ALJ's error at step two was not harmless. The ALJ's residual functional capacity ("RFC") finding does not appear to address any limitations that could result from plaintiff's chronic headaches, such as an inability to engage in sustained work

5

activity during the course of a painful headache episode. An RFC that does not sufficiently incorporate or address limitations that could reasonably result from a severe impairment is flawed and not supported by substantial evidence. See Magana, 2017 WL 4402279, at *3; Phillips, 2017 WL 2664587, at *3. For this reason, remand is required. See McHugh v. Astrue, No. 11-CV-00578(MAT), 2013 WL 4015093, at *9 (W.D.N.Y. Aug. 6, 2013) ("the ALJ erred at step two in finding that [the claimant]'s epilepsy was not a seizure disorder and in ignoring [the claimant]'s migraine headaches. The present record strongly suggests that [the claimant]'s seizure disorder and migraine headaches are 'severe impairments' for purposes of step two which, as the Second Circuit has emphasized, is not a demanding standard.") (collecting cases).

## Conclusion

For the foregoing reasons, plaintiff's motion (Docket # 7) is **granted** and the Commissioner's motion (Docket # 13) is **denied**. The case is remanded for further proceedings consistent with this opinion.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 15, 2019
         Rochester, New York